21 F.3d 427
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Maurice HUGHLEY, Petitioner-Appellant,
v.
STATE OF TENNESSEE; Tim Hutchinson, Sheriff, Respondents-Appellees.
 No. 93-6558.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1994.
 
 Before: RYAN and NORRIS, Circuit Judges; and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Maurice Hughley moves for counsel and for in forma pauperis status on appeal from a district court order denying his motion filed pursuant to Fed.R.Civ.P. 60(b). He has also filed a motion to expedite oral argument. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1983, Hughley pleaded guilty to charges of fraud, forgery, firebombing, escape and false pretenses for which he received a sentence of 7 to 15 years in prison. In 1992, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254, against the State of Tennessee and the Knox County Sheriff, alleging that the Tennessee Department of Corrections had denied him good-time credits and had altered the expiration date of his sentences.
 
 
 3
 In his habeas petition, Hughley admitted that a state habeas corpus action (filed August 23, 1988) was pending in the Criminal Court for Davidson County, Tennessee. Because of the pending state habeas corpus action, the district court dismissed Hughley's federal habeas corpus petition due to his failure to exhaust his state court remedies.
 
 
 4
 Thereafter, Hughley, who is no longer on escape status and is now incarcerated in Texas, filed a timely appeal. This court denied his application for a certificate of probable cause due to his failure to exhaust his state court remedies. Hughley's subsequent petition to rehear en banc was denied in an order filed February 10, 1993. The United States Supreme Court denied Hughley's petition for a writ of certiorari on May 17, 1993.
 
 
 5
 On November 4, 1993, Hughley filed the motion that forms the basis of this appeal. In this somewhat confusing motion, Hughley seeks reinstatement of his habeas petition arguing that he was not able to respond to the respondent's motion to dismiss the habeas petition because he was being transferred from one federal prison to another and did not receive the respondent's motion to dismiss. He also makes a vague and confusing allegation that the dismissal of his state habeas action was obtained by fraud on the part of the respondents. The district court denied the motion, without opinion, in an order filed November 8, 1993.
 
 
 6
 Upon review, we conclude that the district court did not abuse its discretion in denying Hughley's 60(b) motion. See McDowell v. Dynamics Corp. of America, 931 F.2d 380, 383 (6th Cir.1991); Miller v. Owsianowski (In re Salem Mortg. Co.), 791 F.2d 456, 459 (6th Cir.1986). Rule 60(b) provides relief from a civil judgment in six instances: (1) mistake or inadvertence; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied; or (6) any other reasons justifying relief from the operation of the judgment.
 
 
 7
 Hughley's proffered grounds for reinstatement could arguably fall within subsections (1), (3) and (6) above. However, subsections (1) and (3), along with subsection (2), may only be invoked within a year after the challenged order was entered. The one year limit on motions under the first three clauses runs from the date the judgment was entered in the district court. Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure Sec. 2866 (1973). The motion can be made even though an appeal has been taken and is pending. Id. The pendency of an appeal does not extend the one year limit. Id. Because Hughley's Rule 60(b) motion was filed over a year after the May 6, 1992, order denying his federal habeas petition, it cannot be maintained under subsections (1) and (3).
 
 
 8
 In order to fall under subsection (6), Hughley's motion must be based upon some reason other than those stated in subsections (1) through (5). Steinhoff v. Harris, 698 F.2d 270, 276 (6th Cir.1983); 7 Moore's Federal Practice p 60.27 at 60-266 (2d Ed.1993). Furthermore, Rule 60(b)(6) should be used only in exceptional circumstances. McDowell, 931 F.2d at 383-84. Hughley is claiming relief because he did not receive the respondents' motion to dismiss due to his transfer to a different federal prison and because the dismissal of his state habeas action was allegedly obtained by fraud. Although Rule 60(b)(6) has no set time limit, that provision cannot be used to avoid the one year limitation when the grounds for relief clearly come under a specific clause of Rule 60(b) which is so limited. Smith v. Secretary of Health & Human Servs., 776 F.2d 1330, 1333 (6th Cir.1985). Hughley's motion might have been maintainable under subsections (1) and (3). His failure to file within one year, therefore, precludes review under those subsections and under subsection (6). Moreover, Hughley demonstrated no exceptional circumstances warranting relief under 60(b)(6). Thus, we cannot say that the district court abused its discretion when it denied Hughley's Rule 60(b) motion.
 
 
 9
 For the foregoing reasons, the motions for counsel and to expedite oral argument are denied, the motion for in forma pauperis status is granted, and the district court's order is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.