104 F.3d 376
 43 U.S.P.Q.2d 1114
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CONCEPT DESIGN ELECTRONICS AND MANUFACTURING, INC., Plaintiff-Appellee,
v.
DUPLITRONICS, INC., Defendant-Appellant.
 No. 96-1065.
 United States Court of Appeals, Federal Circuit.
 Dec. 19, 1996.
 
 Before MAYER, MICHEL and SCHALL, Circuit Judges.
 MICHEL, Circuit Judge.
 
 
 1
 Duplitronics, Inc. ("Duplitronics") appeals the September 11, 1995 Order of the United States District Court for the Western District of North Carolina denying its motion under Fed.R.Civ.P. 60(b)(6) to vacate the Final Judgment entered November 17, 1993 in favor of Concept Design Electronics and Manufacturing, Inc. ("Concept Design"), in light of the later issuance of this court's decision in Markman v. Westview Instruments, Inc., 52 F.3d 967, 34 USPQ2d 1321 (Fed.Cir.1995), later unanimously affirmed by the Supreme Court, Markman v. Westview Instruments, Inc., 116 S.Ct. 1384, 38 USPQ2d 1461 (1996). The appeal was submitted for our decision following oral argument on July 9, 1996. Because we hold that, in accordance with applicable Fourth Circuit law, the district court erred in concluding that it lacked jurisdiction to hear the motion, but hold that the district court did not abuse its discretion and was legally correct when it ruled that entertaining the motion was barred by our prior decision in this case, which was law of the case, we affirm the district court's denial of the motion.
 
 BACKGROUND
 
 2
 Concept Design filed an action seeking a declaratory judgment that two of Duplitronics' patents were invalid, unenforceable and not infringed; Duplitronics counterclaimed for infringement. The jury found that both patents were invalid and unenforceable and that Concept Design had not infringed. Duplitronics appealed, and on January 17, 1995, this court affirmed the judgment of the district court in a non-precedential decision. Concept Design Elecs. and Mfg., Inc. v. Duplitronics, Inc., 52 F.3d 342 (table), 34 USPQ2d 1789 (Fed.Cir.1995) (the "January 17 Decision").[1]
 
 
 3
 In our January 17 opinion we reviewed and affirmed the jury's verdicts of invalidity and noninfringement under our then controlling precedent on claim construction of Tol-O-Matic, Inc. v. Proma Produkt-Und Marketing Gesellschaft m.b.H., 945 F.2d 1546, 1549, 20 USPQ2d 1332, 1335 (Fed.Cir.1991) (in reviewing a denial of JMOL motion, standard of review is whether there was substantial evidence to support the jury verdict). Duplitronics asserted during post-trial briefing in the district court and during the appeal that, rather than being a mixed question of law and fact, claim interpretation is a matter of law. It argued that the court erred by not construing the claims before submitting them to the jury for its determination of infringement and validity. In light of the applicable authority of Tol-O-Matic, neither the district court nor this court in the January 17 Decision was persuaded by that argument.
 
 
 4
 Following the decision in that appeal, on April 5, 1995, this court decided Markman in banc, holding that the court (rather than jury) has the "power and obligation to construe as a matter of law the meaning of language used in the patent claim" and that such construction is reviewed "de novo on appeal." Markman, 52 F.3d at 979.
 
 
 5
 On May 19, 1995, Duplitronics filed a petition for writ of certiorari in the United States Supreme Court, seeking review of the January 17 Decision in light of this court's in banc decision in Markman. Duplitronics argued in its petition that the Supreme Court should vacate the January 17 Decision and remand. It wrote in its petition that the Federal Circuit had "so far departed from the accepted and usual course of judicial proceedings ... as to call for an exercise of [the Supreme] Court's powers of supervision."
 
 
 6
 On August 17, 1995, while the petition for certiorari was pending in the Supreme Court, Duplitronics filed a motion in the district court under Fed.R.Civ.P. 60(b)(6)[2] requesting vacation of the judgment and a new trial, again based on the in banc Markman decision.
 
 
 7
 On September 11, 1995, the district court denied the motion, reasoning that the January 17 Decision controlled the case and that the petition was still pending in the Supreme Court. It wrote:
 
 
 8
 The short answer to the Defendant's Motion is that the Federal Circuit has affirmed the Judgment by this Court [in the January 17 Decision] and denied the Defendant's request for rehearing [i]n banc.
 
 
 9
 ....
 
 
 10
 [Duplitronics] now requests that this Court reverse the Federal Circuit's action in this case and short circuit any action by the Supreme Court on Defendant's Petition for a writ of certiorari. This the Court will not do. In sum, this Court does not have jurisdiction to consider Defendant's Motion and it will, therefore, be denied.
 
 
 11
 On September 29, 1995 Duplitronics timely filed notice of appeal of the district court's denial of the Rule 60(b) motion. On October 2, 1995, the Supreme Court denied Duplitronics' petition for certiorari.
 
 
 12
 On September 27, 1995, the Supreme Court granted certiorari in Markman, Markman v. Westview Instruments, Inc., 116 S.Ct. 40 (1995), and on April 23, 1996, affirmed, 116 S.Ct. at 1387 ("We hold that the construction of a patent, including terms of art within its claim, is exclusively within the province of the court.").
 
 DISCUSSION
 
 13
 The sole issues before the court are: (1) whether the district court had jurisdiction over the Rule 60(b) motion despite the pending certiorari petition requesting remand to the Federal Circuit, and, (2) if so, whether the district court erred when it ruled that this court's January 17, 1995 Decision controlled, requiring denial of the Rule 60(b) motion before it.
 
 I.
 
 14
 Although inconsistent with the district court's "denial," rather than "dismissal," of Duplitronics' motion to vacate the final judgment, the Order notes, "[T]his Court does not have jurisdiction to consider Defendant's motion" because of the certiorari petition pending at the time of the issuance of the Order. That is, even though the district court labeled the disposition a denial on the merits and addresses the merits in its Order, the district court indicated that it lacked jurisdiction to "consider Defendant's motion." We must then first consider whether the motion should have been dismissed for lack of jurisdiction.
 
 
 15
 While we decide issues relating to our own appellate jurisdiction in accordance with the law of this circuit, see Woodard v. Sage, 818 F.2d 841, 844, 2 USPQ2d 1649, 1651 (Fed.Cir.1987) (in banc), here our appellate jurisdiction is unquestioned and only the district court's jurisdiction is at issue. The issue of whether the district court properly had jurisdiction to entertain the Rule 60(b) motion while a petition for certiorari is pending involves construction of the Federal Rules of Civil Procedure in a matter not unique to patent law. Thus, in accordance with our precedent, we apply the law of the regional circuit in which the district court sits, here the Fourth Circuit. Amstar Corp. v. Envirotech Corp., 823 F.2d 1538, 1550, 3 USPQ2d 1412, 1421 (Fed.Cir.1987) ("Because denial of a Rule 60(b) motion is a procedural issue not unique to patent law, we apply the rule of the regional circuit...."); Atari, Inc. v. JS & A Group, Inc., 747 F.2d 1422, 1438-40, 223 USPQ 1074, 1086-87 (Fed.Cir.1984) (in banc).
 
 
 16
 The issue of the district court's jurisdiction in this case is whether our mandate and the pending certiorari petition stripped the district court of its ability to entertain the motion without leave from this court or from the Supreme Court. In Standard Oil Co. of California v. United States, 429 U.S. 17, 17-18 (1976) (per curiam), the Supreme Court held that "leave" from an appellate court, or in that case the Supreme Court, is not necessary in order for a litigant to file, or the district court to entertain, a motion under Rule 60(b) after the appellate court's mandate has issued. Thus, although our mandate had issued prior to Duplitronics' filing of the motion, leave from this court was unnecessary and the district court had jurisdiction to entertain the motion despite our mandate and the absence of leave from us.
 
 
 17
 The only question remaining, then, is the effect of the pending certiorari petition. Standard Oil implicitly left open, however, the question of whether appellate leave is required before a district court can entertain a Rule 60(b) motion when an appeal (or petition for certiorari) is still pending. Rule 60(b), unlike Rule 60(a) (which allows for correction of clerical mistakes in the record while the appeal is pending), is silent on the issue. Furthermore, the circuits appear to be in conflict on the issue. Compare Smith v. Lujan, 588 F.2d 1304, 1307 (9th Cir.1979), with Commonwealth of Puerto Rico v. S.S. Zoe Colocotroni, 601 F.2d 39, 41 (1st Cir.1979); see also 11 Charles A. Wright et al., Federal Practice and Procedure Civil § 2873 (2d ed. 1995) ("The effect of pending ... appeals on the power of the trial court to grant relief under Rule 60 is not free from doubt.").
 
 
 18
 The Fourth Circuit, though, has clearly adopted the rule that a district court may consider a Rule 60(b) motion without leave, and if it proposes to grant the motion pending appeal, it may seek remand from the appellate court. See Sine v. Local No. 992, Int'l Bhd. of Teamsters, 790 F.2d 1095, 1098 (4th Cir.1986); Patterson v. American Tobacco Co., 634 F.2d 744, 746 n. 1 (4th Cir.1980) (en banc). See also Stone v. Immigration and Naturalization Serv., 115 S.Ct. 1537, 1547 (1995) (dicta; "the filing of a Rule 60(b) motion does not toll the running of the time for taking an appeal ... and the pendency of the motion before the district court does not affect the continuity of a prior-taken appeal.... [T]he pendency of an appeal does not affect the district court's power to grant Rule 60 relief. See Standard Oil ....") (citations omitted). We are obligated to follow the Fourth Circuit's rule.
 
 
 19
 Therefore, although leave may have been required to grant the Rule 60(b) motion that is the subject of the instant appeal, see Winter v. Cerro Gordo County Conservation Bd., 925 F.2d 1069, 1073 (8th Cir.1991), the district court, under controlling Fourth Circuit authority, had jurisdiction to entertain the motion and deny it without leave from the Supreme Court. The district court thus erred when it stated that it was without jurisdiction to "consider" the motion.
 
 II.
 
 20
 As jurisdiction existed in the district court and it denied, rather than dismissed, the motion, proceeding to analyze the effect of our mandate on the motion (thereby in effect providing an alternative ground), we review its decision on the merits for abuse of discretion. Matos by Riveria v. Secretary of Dep't of Health and Human Servs., 35 F.3d 1549, 1551-52 (Fed.Cir.1994); National Credit Union Admin. Bd. v. Gray, 1 F.3d 262, 264 (4th Cir.1993).[3]
 
 
 21
 Although the petition for writ of certiorari was pending, our decision on all of the issues in the appeal decided January 17 (including infringement, validity, enforceability and inequitable conduct) was final and law of the case in light of our March 6 mandate. The district court did not abuse its discretion, but correctly ruled that the decision in Markman, issued after our January 17 Decision, did not state a "reason justifying relief from the operation of the judgment" under Rule 60(b)(6). The fact that there was a later decision (issued after this court's affirmance of the final district court judgment in our January 17 Decision) which, in Duplitronics' view, would have changed the result, does not provide proper grounds to reopen the judgment. Ackerman v. United States, 340 U.S. 193, 197-202 (1950); Travelers Indemnity Co. v. Sarkisian, 794 F.2d 754, 757 (2d Cir.1986) ("[I]t is well settled that a change in decisional law is not grounds for relief under Rule 60(b)(6)."); Dowell v. State Farm Fire and Casualty Automobile Ins. Co., 774 F.Supp. 996, 1001 (S.D.W.Va.1991), aff'd, 993 F.2d 46 (4th Cir.1993).[4] Duplitronics argued in the first appeal that claim construction should have been conducted by the court, and we rejected that argument in our January 17 Decision. Duplitronics thus utilized its opportunity to litigate that issue, and it may not relitigate the issue on this motion. A decision which issues after Duplitronics' appeal was decided on direct review has no bearing on Duplitronics' rights and does not ordinarily create grounds upon which to revise the judgment.[5] See Collins v. City of Wichita, 254 F.2d 837, 839 (10th Cir.1958) ("A change in the law or in the judicial view of an established law is not such an extraordinary circumstance which justifies relief.... Litigation must end some time, and the fact that a court may have made a mistake in the law, when entering judgment, or that there may have been a judicial change in the court's view of the law after its entry, does not justify setting it aside."); McKnight v. United States Steel Corp., 726 F.2d 333, 338 (7th Cir.1984) ("Rule 60(b) is not intended to correct errors of law made by the district court in the underlying decision"); see also Amstar, 823 F.2d at 1550 ("Rule 60 is not a substitute for appeal.").
 
 
 22
 The law is clear that once a litigant has appealed a judgment and an issue is decided, that decision becomes law of the case in all further motions on the same factual record. In Constant v. United States Postal Service, 929 F.2d 654, 657 (Fed.Cir.1991), a plaintiff filed a motion for relief under the Claims Court equivalent of Rule 60(b) after his claim was dismissed at the trial court, affirmed on appeal to the Federal Circuit and denied review by certiorari. The motion alleged that the Federal Circuit decision affirming the dismissal was legally incorrect. This court affirmed the denial of the Rule 60(b) motion based in part on the fact that the first appeal decision and denial of review by the Supreme Court made the "legal conclusions in [the] prior [Federal Circuit] decision final and law of the case, and Constant [was] barred from attempting to relitigate them." Id. Here, the issue of how claim construction was to be reviewed was considered in the January 17 Decision, and it was decided that Tol-O-Matic controlled; the issue was thus conclusively settled as to these two parties.
 
 
 23
 Duplitronics attempts to distinguish the cases cited by Concept Design where denials of Rule 60(b) motions were affirmed based on the fact that a district court may not alter a mandate which is law of the case, Seese v. Volkswagenwerk, A.G., 679 F.2d 336 (3d Cir.1982) (per curiam), and Eutectic Corporation v. Metco, Inc., 597 F.2d 32 (2d Cir.1979) (per curiam), by arguing that in this case neither the Federal Circuit nor the Supreme Court examined the merits of the application of Markman to this case. Litigants are not entitled to reopen judgments based on later decided cases if there is a ruling in their case which addressed the issue and is law of the case. See Constant, 929 F.2d at 657. Here, although no court addressed the application of Markman to this case, our previous decision did address the questions of whether the trial court must construe the claim and the appellate standard of review on claim construction in an infringement case. See DeWeerth v. Baldinger, 38 F.3d 1266, 1272-74 (2d Cir.1994) ("Alleged erroneous rulings of law are generally not held to be sufficiently unconscionable to justify reopening a judgment not void when issued."). See generally Doe v. New York City Dep't of Soc. Servs., 709 F.2d 782, 788 (2d Cir.1983) (doctrine of law of the case "applies to issues that have been decided either expressly or by necessary implication.").
 
 
 24
 Furthermore, while the Supreme Court has held that once it has decided the content of federal law, it must "give full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate our announcement of the rule," Harper v. Virginia Dep't of Taxation, 509 U.S. 86, 97 (1993) (emphasis added), it is beyond question that the concept of finality precludes a litigant from reopening a case not "still open on direct review" due to a decision (here, an in banc decision binding future panels in the circuit) that issued after the litigant's appeal was decided. Otherwise, every litigant who ever tried a patent case to a jury prior to Markman would be entitled, on filing a Rule 60(b) motion, to reopen his or her case, even though the case was made final on appeal before Markman. That cannot be, and is not, the law.
 
 
 25
 Duplitronics never had its case "still on direct review" at a time when there was a decision that, under Harper, would have to be given retroactive effect;[6] our January 17 Decision held against claim construction being a decision for the court, and that decision was law of the case. See Seese, 679 F.2d at 337 (holding that even if there was a possible misinterpretation of North Carolina law, the litigation was "over" and "the district court was without jurisdiction to alter the mandate of [the Third Circuit] on the basis of matter included or includable in defendants' prior appeal."). Thus, as in Seese, even if the January 17 Decision of this court was "in error," which it was not given divided Federal Circuit precedent at the time, the failure of the Supreme Court to correct that error resulted in a final decision with respect to Duplitronics' arguments.
 
 
 26
 Three days after this appeal was filed, the Supreme Court denied certiorari and elected not to grant Duplitronics' request that our January 17 Decision be vacated and remanded in light of the in banc Federal Circuit decision in Markman. Cf. United States Surgical Corp. v. Ethicon, Inc., 116 S.Ct. 1562 (1996) (judgment vacated and case remanded to the Federal Circuit for consideration in light of Supreme Court decision in Markman ). Since the Supreme Court followed its ordinary practice of not vacating our mandate while the petition was pending and ultimately elected not to grant the petition, our January 17 Decision was law of the case as far as the district court was concerned at least from the time the mandate first issued.
 
 
 27
 We need not take a position on the debate between the parties on the question of whether, given the fact that denials of certiorari do not have precedential value and are not a decision on the merits, see Barber v. Tennessee, 115 S.Ct. 1177 (1995), the denial of certiorari itself can be considered law of the case. Given that later decided cases generally do not provide a ground to reopen final judgments, the question relevant to this appeal is not the application of Markman to the present case, but whether the court or the jury should construe patent claims. The latter question was decided, at least by implication, by this court in the January 17 Decision and the denial of certiorari left that decision undisturbed and law of the case. The district court was accordingly correct in denying the Rule 60(b)(6) motion to reopen.
 
 III.
 
 28
 Concept Design also requests, based on Constant, fees for a frivolous appeal under Fed. R.App. P. 38. In addition to the fact that Concept Design has not made the requisite motion under the rule, this case is sufficiently distinct from Constant--among other things, Constant had been repeatedly warned not to relitigate already decided contentions and no new decision (like Markman ) issued after Constant's first appeal, Constant, 929 F.2d at 658--and the law applicable by this district court was sufficiently unsettled so as not to warrant sanctions.
 
 IV.
 
 29
 As the Third Circuit noted in Seese, "[O]nce a case has been appealed as far as it can be, and a final disposition of the case has been achieved, then the case is not sub judice," 679 F.2d at 338; the relevant issues contested by Duplitronics had been decided by this court in its January 17 opinion. Although the district court had jurisdiction, the January 17 Decision (later denied review in the Supreme Court) was law of the case and Duplitronics did not state a legally sufficient reason under Rule 60(b)(6) to reopen the judgment. In short, the trial court was incorrect on jurisdiction but correct on law of the case. The decision of the district court is therefore affirmed.
 
 
 
 [1]
 The court denied reconsideration and rehearing in banc on February 21, 1995 and the mandate issued on March 6, 1995
 
 
 [2]
 Fed.R.Civ.P. 60(b) states, in relevant part:
 On motion and upon such terms as are just, the court may relieve a party ... from a final judgment ... for the following reasons:
 ....
 (6) any other reason justifying relief from the operation of the judgment.
 
 
 [3]
 It is unclear whether we should analyze the merits of the motion under Fourth Circuit law, as the matter can be characterized as a procedural one (namely, whether a later decided case justifies granting Rule 60(b)(6) relief) or under Federal Circuit law, as the decision on the motion involves application of our mandate. However, our analysis of Fourth Circuit law demonstrates that there is no controlling authority on the precise issue presented here. Accordingly, if Fourth Circuit law applies, "we need to predict how that regional circuit would have decided the issue in light of the decisions of that circuit's various district courts, public policy, etc." Panduit Corp. v. All States Plastic Mfg. Co., 744 F.2d 1564, 1575 (Fed.Cir.1984). There is similarly no Federal Circuit case directly deciding the issue presented here. Since the law outside the Fourth Circuit and the Federal Circuit is sufficiently well established and uniform that absent very special circumstances a later decided case does not present an adequate reason to reopen a judgment, see infra, the choice of law question is not dispositive. We further see no indication that the Fourth Circuit would rule differently on the matter. Under either our law or our prediction of Fourth Circuit law, the result will be the same
 
 
 [4]
 But see Ritter v. Smith, 811 F.2d 1398, 1401 (11th Cir.1987). There, the Eleventh Circuit stated, "Something more than a 'mere' change in the law is necessary to provide the grounds for Rule 60(b)(6) relief," but found that, because "extraordinary circumstances" were presented when an intervening Supreme Court case held contrary to the prior Eleventh Circuit decision in the case, it was not an abuse of discretion to grant a Rule 60(b)(6) motion. The Court noted that: (i) the erroneous judgment of the prior panel had not been executed; (ii) there was only minimal delay between finality and the request for relief; and (iii) certiorari was granted in the intervening Supreme Court decision specifically to resolve the conflict between the prior Eleventh Circuit decision and a state court decision reaching a contrary holding on the same constitutional issue. But see also Patterson, 634 F.2d at 754 (change in Supreme Court decisional law provided grounds for reconsideration of prospective relief entered by district court in discrimination case)
 
 
 [5]
 It is true that in Standard Oil, the Supreme Court stated that a motion to reopen a case in light of new facts would not "flout[ ] the mandate." 429 U.S. at 18. However, the sole question in that appeal was whether appellate leave to file the Rule 60 motion was necessary before the motion could be filed. The Court did not pass on the merits of the motion. The motion in that case is also distinguishable because it involved the possibility of new facts being presented, and since the mandate is limited to the "record and issues before the court," id., a ruling based on new facts could not flout the mandate. The Court also recognized that it has "confidence in the ability of the district courts to recognize frivolous Rule 60(b) motions." Id. at 19
 
 
 [6]
 With respect to the Federal Circuit, Duplitronics' case ceased to be on direct review when the decision issued on January 17 and at least when the mandate issued on March 6, 1995 (both before Markman ). Therefore Markman should not be applied retroactively to this case as it was no longer on direct review. As to the Supreme Court, its decision in Markman issued long after it denied Duplitronics' petition for writ of certiorari, so it was not obligated to apply the Supreme Court decision in Markman to Duplitronics' case under Harper because Duplitronics' case was no longer on direct review, nor was it obligated to reverse our January 17 Decision merely because there was a later Federal Circuit case which might have dictated a different result had it been decided earlier. It was also certainly available to the Court to grant full review or to grant the petition, vacate our decision, and remand the case without further briefing, but it chose to do neither