Randy Ladale JONES, Petitioner,

v.

David GUNDY, Respondent.

No. 1:99–CV–518.

United States District Court,
W.D. Michigan,
Southern Division.

June 8, 2000.

Randy LaDale Jones, Oaks Maximum Correctional Facility, Eastlake, MI, plaintiff pro se.

## MEMORANDUM OPINION

ENSLEN, Chief Judge.

Presently pending before the court is petitioner's motion for relief from judgment filed pursuant to Rule 60(b)(1) and (2) of the Federal Rules of Civil Procedure. By opinion and judgment entered August 16, 1999 (docket # 5–# 6), the Court dismissed petitioner's application for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 because it was barred by the one-year period of limitation provided in 28 U.S.C. § 2244(d). Petitioner filed a motion for reconsideration, which the court denied. Petitioner appealed, and the Sixth Circuit denied his request for a certificate of appealability on February 3, 2000. Petitioner asserts that he petitioned to the Supreme Court for a writ of certiorari, and his petition is pending.[1] The present motion for relief from judgment was filed on May 1, 2000, approximately nine months after this Court's judgment of dismissal. In his motion, petitioner contends that the limitation period should be equitably tolled due to extraordinary circumstances, i.e., denial of his constitutional right of access to the courts. After careful consideration, the Court will deny the motion.

### Discussion

#### 1. Standard under Rule 60(b)(1)(2)

A Rule 60(b) motion may be granted only for certain specified reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or the like; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6)

---

1. The Court may entertain a Rule 60(b) motion although a petition for a writ of certiorari is pending. *See Concept Design Elec. And* *Mfg., Inc. v. Duplitronics, Inc.,* No. 96–1065, 1996 WL 729637, at *3–*4 (Fed.Cir. Dec.19, 1996) (applying Fourth Circuit law).

any other reason justifying relief from the operation of the judgment. When none of these first five enumerated examples of Rule 60(b) apply, relief may only be available when exceptional or extraordinary circumstances are present. *Cincinnati Insurance Co. v. Byers,* 151 F.3d 574, 578 (6th Cir.1998).

Plaintiff's motion specifies subsection (1) and (2). His contention is that the Court erred by dismissing his habeas application as time-barred. Thus, in actuality, his motion claims legal error, which is properly considered under subsection (1) as a type of mistake. *See Pierce v. United Mine Workers of Am. Welfare and Retirement Fund for 1950 and 1974,* 770 F.2d 449, 451 (6th Cir.1985) (citing *Barrier v. Beaver,* 712 F.2d 231, 234 (6th Cir.1983)), *cert. denied,* 474 U.S. 1104, 106 S.Ct. 890, 88 L.Ed.2d 925 (1986). Accordingly, the Court addresses his motion under subsection (1) of Rule 60(b).

### 2. Equitable tolling

Petitioner contends that the Court should vacate its judgment, equitably toll the period of limitations, and allow his habeas application to proceed. The Sixth Circuit has not addressed in any published decision whether the one-year period of limitation may be equitably tolled. However, in unpublished decisions, the Sixth Circuit has applied principles of equitable tolling, finding that only exceptional circumstances warrant equitable tolling. *See Morgan v. Money,* No. 99–3251, 2000 WL 178421 (6th Cir. Feb. 8, 2000); *Fields v. Jackson,* No. 99–1052, 2000 WL 191531, at *3 (6th Cir. Feb.9, 2000); *see also Doran v. Birkett,* No. 99–1639, 2000 WL 282882, at *2 (March 13, 2000) (assuming that equitable tolling applies). There is no need to decide whether equitable tolling applies because petitioner has failed to present exceptional circumstances which could possibly warrant its application.

Petitioner's direct appeal concluded on September 30, 1991, when the Michigan Supreme Court affirmed the decision of the Michigan Court of Appeals. Petitioner did not seek state post-conviction relief until nearly six years later, in April 1997. Petitioner does not explain the reason he failed to seek post-conviction relief from 1991 until 1995. However, he contends that in 1995, he was placed in administrative segregation and "denied law books (Court Rules) both State and Federal." (Brief at 2.) Petitioner alleges that he was also denied "other legal material (State and federal Statutes) needed to pursue an adequate and effective appeal on post conviction relief." (Br. at 2.) When he was released from segregation on August 7, 1996, he went to the law library and discovered that some of the books had been relocated to the assistant deputy warden's office because inmates had stolen or misused the books. Thus, the books could only be obtained upon request of the deputy warden. Petitioner states that the deputy warden left the facility at 4:00 p.m. each day and "was impossible to contact while there." (Br. at 2.) Thus, petitioner claims he could not use the books.

It was not until January 1997 that petitioner was transferred to the Chippewa Correctional Facility. Petitioner claims that he did not know about the period of limitation because he was denied access to legal materials from July 22, 1995 through January 1997. Petitioner states that he did not learn about the Antiterrorism and Effective Death Penalty Act until March 7, 1997, but he does not state why it took him two months after his transfer to find out about the statute. Petitioner also claims that he not able to immediately file a motion for post-conviction relief pursuant to M.C.R. 6.500 because his word processor was damaged by the institution during his transfer. He was able to file the motion on April 18, 1997. Petitioner claims that if he would have had access to the law library, he would have filed his post-conviction motion earlier, and thus the grace period would have been tolled for a longer period of time, and he would

have had more time to file his habeas application.

■ Even assuming that all of petitioner's allegations are true, he cannot show the exceptional circumstances necessary to warrant equitable tolling. Petitioner claims that he was not aware of the limitation period until March 7, 1997, because he was denied access to legal materials. This circumstance does not justify application of equitable tolling. In *Fisher v. Johnson*, 174 F.3d 710, 714–15 (5th Cir.1999), the Fifth Circuit found that equitable tolling was not justified on the ground that the prisoner did not have actual notice of the AEDPA. The court reasoned that ignorance of the law generally does not excuse prompt filing, that the lack of knowledge about the AEDPA is not rare, and a broad rule based on delays in notice is a decision for Congress, not equity. Similarly, the Tenth Circuit did not apply equitable tolling when a prisoner had been incarcerated at a facility from 1995 until April 19, 1997 that had no federal statutes and thus, was not aware of the AEDPA. *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998). The Tenth Circuit found that the petitioner's claim did not explain his failure to pursue his claims in state court between 1993 and 1995, before he was transferred. *Id.; accord Harrison v. Galaza*, No. C 98–3371 THE (PR), 1999 WL 58594, at *3 (N.D.Cal. Feb. 4, 1999) (ignorance about AEDPA did not justify tolling when prison law library did not have information until March 7, 1997); *Atkins v. Harris*, No. C 98–3188 MJJ(PR), 1999 WL 13719, at *2 (N.D.Cal. Jan. 7, 1999) (allegation of lockdowns, restricted library access and transfers are insufficient for application of equitable tolling when prisoner had sixteen years to file a petition).

Similarly, petitioner has not adequately explained his failure to diligently pursue post-conviction relief. His direct appeal was ultimately concluded on September 30, 1991, when the Michigan Supreme Court affirmed the decision of the Michigan Court of Appeals. Petitioner waited six years, until April 1997, before filing his motion for post-conviction relief. Although petitioner asserts that denial of access to legal materials prevented him from filing the motion beginning in 1995, he has not explained the four-year delay between 1991 and 1995. Without an explanation for this time period, petitioner's argument regarding the later years falls apart.

■ Further, petitioner's broad claim of lack of access to legal materials fails. In *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998), the Tenth circuit concluded that it was insufficient for an inmate to allege that the facility "lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate." Similarly, petitioner has not provided specific reasons stating how that the lack of access to these materials prevented him from filing a motion for state post-conviction relief. The right of access to the courts has never been equated with the access of legal materials at the prison library. *Walker v. Mintzes*, 771 F.2d 920, 932 (6th Cir.1985); *see also Lewis v. Casey*, 518 U.S. 343, 116 S.Ct. 2174, 2180, 135 L.Ed.2d 606 (1996) (a sub-par library or legal assistance program does not establish relevant actual injury). It is apparent that petitioner simply became aware of the statute when the grace period had almost expired, and he attempted to suspend the time limit by filing a motion for relief from judgment in the state courts. His long list of reasons faulting the institution does not excuse his own lack of diligence in pursuing state court post-conviction relief. Consequently, the Court finds that petitioner has failed to establish a basis for application of equitable tolling.

### 3. Timeliness

■ In addition to the foregoing, plaintiff's motion is not timely. A motion under Rule 60(b)(1) must be made within a reasonable time, not more than one year after the judgment or order was taken. FED. R.CIV.P. 60(b). The Sixth Circuit holds

that a Rule 60(b) motion claiming legal error must be brought within the same time that an appeal may be filed. *Pierce,* 770 F.2d at 451; *Harris v. Ohio,* No. 973621, 1998 WL 939836, at *2 (6th Cir. Dec.21, 1998) (petitioner had thirty days from the entry of the order dismissing his habeas petition to bring his appeal or file his Rule 60(b)(1) motion). Plaintiff had thirty days in which to file an appeal. FED.R.APP.P. 4(a)(1). Plaintiff did choose to appeal.

 Even so, a Rule 60(b) motion may be made while an appeal is pending. *McDowell v. Dynamics Corp. of America,* 931 F.2d 380, 383 (6th Cir.1991); *Hughley v. State of Tennessee,* No. 93–6558, 1994 WL 112870, at *2 (6th Cir. Mar.31, 1994). Further, an appeal does not toll the time for filing a Rule 60(b) motion because it would impair the finality of judgments. *Nevitt v. United States,* 886 F.2d 1187, 1188 (9th Cir.1989) (collecting decisions); *accord McDowell,* 931 F.2d at 383 (pursuit of an appeal does not affect time in which a Rule 60(b) motion must be filed); *Quality Tech. Co. v. Stone & Webster Engineering Co.,* Nos. 92–5434, 92–5628, 1993 WL 375803, at *3 (6th Cir. Sept.23, 1993) (time period for filing a Rule 60 motion is not extended while case is on appeal). Petitioner did not file the present motion until after his appeal concluded, and at a time nine months later than the decision by this court. Thus, the motion is untimely. For this additional reason, the Court will deny it.

### 4. IFP motion

Petitioner has also filed a motion to proceed *in forma pauperis.* Such a motion is not necessary, as petitioner was already granted leave to proceed *in forma pauperis* in this action. Further, in light of the disposition of his Rule 60(b) motion, the court will dismiss his pauper motion as moot.

**Conclusion**

In light of the foregoing, the Court will deny petitioner's Rule 60(b) motion as without merit and will deny his motion to proceed *in forma pauperis* as moot.