Kenneth LLOYD, Petitioner,

v.

Charles MILLER, Respondent.

No. 3:00CV0781 AS.

United States District Court,
N.D. Indiana,
South Bend Division.

July 24, 2001.

Kenneth J. Lloyd, Pendleton Correctional Facility, Pendleton, IN, pro se.

Stephen R. Creason, Indiana Attorney General, Indianapolis, IN, for respondent.

### MEMORANDUM AND ORDER

ALLEN SHARP, District Judge.

On December 26, 2001, *pro se* petitioner Kenneth J. Lloyd, an inmate at the Pendleton Correctional Facility in Indiana, filed a petition seeking relief under 28 U.S.C. § 2254. On March 30, 2001, Respondent filed a Return to Order to Show Cause asking this Court to dismiss Lloyd's habeas petition as untimely.[1] The peti-

---

1. The Response filed on behalf of the respondent by the Attorney General of Indiana on March 30, 2001, demonstrates the necessary

tioner filed a Response to Return to Order to Show Cause on May 14, 2001, which this court carefully examined. On May 31, 2001, this Court issued a Memorandum and Order asking the Attorney General of Indiana to brief this case on the merits, and to provide additional information as to the clear application of § 2244(d)(1) in this precise context. On June 14, 2001 the Petitioner filed a Motion to Supply Omission in Record, and on July 2, 2001, the Respondent filed a Motion to Reconsider the Memorandum and Order of May 31, 2001. The Respondent provided additional information on the application of § 2244(d)(1), and again asked the Court to dismiss the petition as untimely. As the issue of the one year limitations period has surfaced with increased frequency in the last year, the Court has given careful consideration to the Respondent's arguments, and to recent decisions from the Seventh Circuit Court of Appeals applying the limitations period, and now rules as follows.

## I. RELEVANT STATUTES

For Lloyd to obtain federal habeas relief under 28 U.S.C. § 2254, he must satisfy all the procedural requirements of the statute. First, he must demonstrate that he was in custody pursuant to the judgment of a State court, and that the state proceedings did one of the following: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); *see also, Williams v. Taylor,* 529 U.S. 362, 404, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

However, before the petitioner gets to make his arguments for relief, he must

establish that he has met the filing requirements found in 28 U.S.C. § 2244(d)(1), which states that an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court must be filed within one year from the latest occurring of four events. 28 U.S.C. § 2244(d)(1). Specifically, the limitation period begins to run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

██  In calculating the one-year period, Congress directed courts to toll the statute of limitations for that period during which a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also, Artuz v. Bennett,* 531 U.S. 4, 121 S.Ct. 361, 362, 148 L.Ed.2d 213 (2000)(discussing when petitions are "properly filed" for purposes of tolling the one year filing period under the AEDPA). An application is "properly filed" when it's delivery and

compliance with *Lewis v. Faulkner,* 689 F.2d 100 (7th Cir.1982).

acceptance are in compliance with the applicable laws and rules governing filings, regardless of whether the claims asserted in the application are meritorious and free from procedural bars. *Artuz,* 121 S.Ct. at 363–4.

## II. ANALYSIS

■ In an early case applying the one-year limitations period found in 28 U.S.C. § 2244(d)(1), the Seventh Circuit, in a *per curiam* decision, noted, "Prior to the Anti-terrorism and Effective Death Penalty Act (AEDPA), a prisoner possessed virtually unlimited amounts of time to file a first petition for collateral review under 28 U.S.C. §§ 2254 and 2255. In an attempt to curb the protracted nature of such litigation, Congress established a one-year period of limitations." *Gendron v. U.S.,* 154 F.3d 672 (1998). The Seventh Circuit Court of Appeals strictly applies the one year limitations period in order to effectuate the purposes of Congress. *See, United States v. Marcello,* 212 F.3d 1005 (2000)(upholding the dismissal of a petition under § 2255 as untimely because it was one day late). The Court noted, "Foreclosing litigants from bringing their claim because they missed the filing deadline by one day may seem harsh, but courts have to draw lines somewhere, [and] statutes of limitation protect important social interests . . ." *Id.* at 1010.

This petitioner was convicted in State court on July 22, 1993. Petition at 2. He appealed the convictions, and the Indiana Court of Appeals affirmed on October 16, 1994. Id at 3. The Indiana Supreme Court reviewed the case and issued a written opinion on August 7, 1996. Id. Lloyd did not file a petition for certiorari with the Supreme Court of the United States, but the statute requires courts to consider the time that he could have sought review, so ninety days is added to the August 7 date, making November 5, 1996, the date his conviction became final for purposes of

calculating the one year limitations period pursuant to 28 U.S.C. § 2244(d)(1)(A).

■ Lloyd signed his petition for federal habeas review on October 30, 2000. Federal Courts use the prison mailbox rule for habeas petitioners, and consider a petition filed when the prisoner gives his petition to prison officials for mailing. *See, Jones v. Bertrand,* 171 F.3d 499 (7th Cir. 1999). The Court assumes that the Petitioner signed his petition on the same day he gave it to prison authorities, therefore, the limitations period continued to run until October 30, 2000, a total of approximately 1,455 days.

■ The time period was tolled, however, and the clock stopped running during the time that Lloyd's "properly filed petition for state post-conviction relief" was pending. Lloyd filed his petition for state post-conviction relief on January 5, 1998. The Indiana Court of Appeals denied Lloyd's petition seeking post-conviction relief in a written opinion dated October 14, 1999, and the Indiana Supreme Court denied transfer on March 22, 2000. Resp.'s Ex. D. Accordingly, the statute was tolled from January 5, 1998 until March 22, 2000, a period of approximately 806 days, leaving a total of 649 days (1,455—806) of countable delay time, when the statute was running and was not tolled. Therefore, Lloyd failed to file his petition within the one year time period as required by § 2244(d)(1).

■ However, Lloyd raises an argument to explain his delay which he alleges brings his petition under the provisions of 28 U.S.C. § 2244(d)(1)(B). He claims that he was prevented from filing on time by an impediment created by the State in violation of the constitution and laws of the United States, such that the one year period did not start until the State removed the impediment. Petitioner's Memo. at 4.

He claims the State created this impediment by failing to provide him with a full and complete state court record. Id. He was provided with a transcript, but according to Lloyd, it was missing the opening and closing arguments. Id.

Lloyd claims that he was prejudiced by this failure, and that he could not file for post-conviction relief without a transcript of the closing arguments because the central issue in his arguments for post-conviction relief was a remark the prosecutor made in closing arguments Petitioner's Memo. at 6. However, Lloyd has not cited any caselaw supporting his theory that the State's failure to provide him with a complete record amounted to an unconstitutional impediment to his filing a federal habeas petition, or to filing for State post-conviction relief.

This Court must determine if Lloyd's alleged impediment rises to the level contemplated by Congress when it enacted § 2244(d)(1)(B). The Seventh Circuit Court of Appeals has not ruled directly on this issue, but a district court in the Northern District of Illinois wrote a thoughtful analysis in *Neuendorf v. Graves*, 110 F.Supp.2d 1144, 1153 (N.D.Iowa2000). First, the court cited a case from the Ninth Circuit Court of Appeals which stated that a petitioner relying on this provision for the limitations period for a federal habeas action must "allege facts that establish that he [or she] was so inhibited by the State's action that he was unable to file and state a legal cause of action before the limitation period expired." *Neuendorf*, at 1153, citing *Whalem/Hunt v. Early*, 204 F.3d 907, 909 (9th Cir.2000), *petition for rehearing en banc granted*, 218 F.3d 1078 (9th Cir.2000). Then, the court cited a Fifth Circuit case which stated that the petitioner's filing of a petition for federal habeas relief before the alleged impediment was lifted suggests that the state action did not prevent the petitioner from timely filing his petition. *Id., citing Felder v. Johnson*, 204 F.3d 168 (5th Cir.2000), *petition for cert filed*, (May 8, 2000).

The limited case law available seems to undermine Lloyd's position, and the reasoning from these cases, although not binding, is persuasive. The fact that Lloyd eventually filed his petition without the transcripts indicates that he could just as easily have filed a timely petition and continued to seek the transcripts. Therefore, the Court holds that Lloyd's reason for delay does not bring his petition under the provisions of § 2244(d)(1)(B), therefore it is governed by 28 U.S.C. § 2244(d)(1)(A), and the one year period for seeking federal habeas relief started when the time ended for him to seek direct review.

## III. CONCLUSION

This Petitioner accumulated a total of 649 days of countable delay time after his judgment was final before filing his petition for federal habeas relief. Therefore this Court has no choice but to deny Lloyd's petition because he failed to file it within the one-year statutory time limit for pursuing federal habeas relief. The petition for relief under 28 U.S.C. § 2254 is now **DENIED**. In light of this ruling, Lloyd's Motion to Supply Omission in Record dated June 14, 2001 is also **DENIED**.

**IT IS SO ORDERED.**