Tony GRAYSON, Petitioner,

v.

Henry N. GRAYSON, Respondent,

No. 01–71813–DT.

United States District Court,
E.D. Michigan,
Southern Division.

Jan. 3, 2002.

Tony Grayson, Jackson, MI, Pro se.

Brenda E. Turner, Debra M. Gagliardi, Michigan Department of Attorney General, Habeas Corpus Division, Lansing, MI, for Respondent.

### OPINION AND ORDER OF SUMMARY DISMISSAL

ROBERTS, District Judge.

Tony Grayson, ("petitioner"), presently confined at the Parnall Correctional Facility in Jackson, Michigan, has filed a *pro se* petition for a writ of habeas corpus, in which he seeks to challenge his convictions for one count of armed robbery, M.C.L.A. 750.529; M.S.A. 28.797; one count of unlawfully driving away an automobile, M.C.L.A. 750.413; M.S.A. 28.645; and being a fourth felony habitual offender. M.C.L.A. 769.12; M.S.A. 28.1084. Respondent has filed a motion for summary judgment, contending that the petition was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244(d)(1). Petitioner has filed a response to the motion for summary judgment. For the reasons stated below, petitioner's application for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

### I.  Background

Petitioner was found guilty of armed robbery and unlawfully driving away an automobile on April 30, 1991, after a bench trial in the Detroit Recorder's Court. Petitioner thereafter pleaded guilty to the supplemental information which charged him with being a fourth felony habitual offender. On May 29, 1991, petitioner was sentenced to ten to twenty five years on the armed robbery conviction and two to five years on the unlawfully driving away an automobile conviction. These sentences were vacated and petitioner was sentenced to twelve to twenty five years on the fourth felony habitual offender charge.

Petitioner's conviction was affirmed on appeal, but his case was remanded to the trial court for re-sentencing. *People v. Grayson,* 144392 (Mich.Ct.App. October 11, 1993); *lv. den.* 444 Mich. 983, 518 N.W.2d 483 (1994). Petitioner was re-sentenced on December 10, 1993 to the same term of imprisonment. After the re-sentencing in the trial court, petitioner's conviction and sentence were again affirmed. *People v. Grayson,* 172489 (Mich.Ct.App. July 10, 1995); *lv. den.* 451 Mich. 879, 549 N.W.2d 569 (1996).

On January 15, 1999, petitioner filed a post-conviction motion for relief from judgment with the trial court, which was denied. *People v. Grayson,* 90–10554–01 (Wayne County Circuit Court, August 12, 1999). The Michigan appellate courts affirmed the denial of the motion for relief from judgment. *People v. Grayson,* 224311 (Mich.Ct.App. August 21, 2000); *lv. den.* —— Mich. ——, 623 N.W.2d 598 (2001). The instant petition was filed on May 3, 2001.

## II. Discussion

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Sanders v. Freeman,* 221 F.3d 846, 851 (6th Cir.2000)(quoting Fed.R.Civ.P. 56(c)). To defeat a motion for summary judgment, the non-moving party must set forth specific facts sufficient to show that a reasonable factfinder could return a verdict in his favor. *Sanders,* 221 F.3d at 851. The summary judgment rule applies to habeas proceedings. *Harris v. Stegall,* 157 F.Supp.2d 743, 746 (E.D.Mich.2001)(Steeh, J.).

In the present case, summary judgment is appropriate, because the petition for writ of habeas corpus was not filed within the one year statute of limitations. Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a one (1) year statute of limitations shall apply to an application for writ of habeas corpus by a person in custody pursuant to a judgment of a state court. The one year statute of limitation shall run from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Because petitioner filed this petition after the effective date of the habeas reform law, the requirements of the AEDPA, including the statute of limitations, would be applicable to his case. *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997). A federal court will dismiss a case where a petitioner for a writ of habeas corpus does not comply with the one year statute of limitations. *Thomas v. Straub,* 10 F.Supp.2d 834, 835 (E.D.Mich.1998)(Duggan, J.).

In the present case, petitioner's direct appeals in the Michigan courts ended on April 29, 1996, when the Michigan Supreme Court denied him leave to appeal

from his re-sentencing. Petitioner's conviction became final, for purposes of § 2244(d)(1), when the ninety day time period for filing a petition for writ of certiorari in the United States Supreme Court expired. *See Bronaugh v. Ohio,* 235 F.3d 280, 283 (6th Cir.2000). Petitioner's judgment therefore became final on July 29, 1996, when he failed to file a petition for writ of certiorari with the U.S. Supreme Court. *Thomas v. Straub,* 10 F.Supp.2d at 835. Petitioner had until July 29, 1997 to timely file his petition with the federal court, unless the limitations period was somehow tolled.

■ In the present case, petitioner filed a post-conviction motion for relief from judgment with the state trial court on January 15, 1999, which was over seventeen months after the one year limitations period had expired. 28 U.S.C. § 2244(d)(2) expressly provides that the time during which a properly filed application for state post-conviction relief or other collateral review is pending shall not be counted towards the period of limitations contained in the statute. *Corbin v. Straub,* 156 F.Supp.2d 833, 836 (E.D.Mich.2001)(Edmunds, J.). However, although the time during which a properly filed application for collateral review is pending in the state courts is excluded from the one year limitations period, the limitations period is not reset upon the conclusion of state collateral review. *Neal v. Bock,* 137 F.Supp.2d 879, 884 (E.D.Mich.2001)(Lawson, J.). Thus, although the filing of the motion for relief from judgment may have tolled the running of the one-year statute, it would not cause the statute to begin running anew when the state court denied the motion. *See Searcy v. Carter,* 246 F.3d 515, 519 (6th Cir.2001). However, by the time that petitioner filed this motion for relief from judgment, the one year limitations period had already expired. A state court post-conviction motion that is filed following the

expiration of the limitations period for seeking federal habeas relief cannot toll that period because there is no period remaining to be tolled. *Smith v. Stegall,* 141 F.Supp.2d 779, 782–783 (E.D.Mich.2001)(Gadola, J.). If the one year limitations period has already expired, filing a motion for state post-conviction relief will not add new time to the limitations period. *Id.* Therefore, petitioner did not have one year following the denial of his motion for relief from judgment to file his petition with this Court.

■ In his "Brief in Support of Motion to Grant Writ of Habeas Corpus Petition", petitioner claims that the factual predicate of his claims could not have been discovered previously through the exercise of due diligence. Under 28 U.S.C. § 2244(d)(1)(D), the one year limitations period under the AEDPA begins to run from the date upon which the factual predicate for a claim could have been discovered through due diligence. However, the time commences under § 2244(d)(1)(D) when the factual predicate for a petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given prisoner. *Owens v. Boyd,* 235 F.3d 356, 359 (7th Cir.2000). In the present case, petitioner does not specify how the factual predicate of his claims could not have been discovered earlier, nor does he indicate what steps, if any, he took to discover these claims. Petitioner does not even indicate when he discovered the factual predicate of his claims, thus preventing this Court from determining when the one year limitations period would commence pursuant to § 2244(d)(1)(D). This Court rejects petitioner's contention that the factual predicate for his claims could not have been discovered sooner because his argument is unsupported and conclusory. *See Neuendorf v. Graves,* 110 F.Supp.2d 1144,

1154–1155 (N.D.Iowa 2000)(rejecting claim that habeas petitioner's limitations period ran from the discovery of new evidence by petitioner, where petitioner's contention that the new evidence could not be discovered sooner with due diligence was "unsupported and conclusory").

■ In the present case, petitioner has failed to offer any reasons that would support the equitable tolling of the limitations period. The one year limitations period under the AEDPA is considered a statute of limitations which is subject to equitable tolling, and is not a jurisdictional prerequisite which would bar review by the federal courts if not met. *Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir.2001). In *Dunlap*, the Sixth Circuit adopted the test for equitable tolling set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir.1988) and indicated that five factors should be used to determine whether it would be appropriate to equitably toll the statute of limitations in a habeas case:

(1) the petitioner's lack of notice of the filing requirement;

(2) the petitioner's lack of constructive knowledge of the filing requirement;

(3) diligence in pursuing one's rights;

(4) absence of prejudice to the respondent; and,

(5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Dunlap*, 250 F.3d at 1008.

The Sixth Circuit also noted that the doctrine of equitable tolling should be used "sparingly." *Dunlap*, 250 F.3d at 1008–1009. The Sixth Circuit concluded that "[a]bsent a satisfactory explanation for his failure to timely file his habeas petition", a petitioner would fail to exercise due diligence in pursuing his claim, and thus would not be entitled to equitable tolling of the limitations period. *Id.* at 1010. The burden is on a habeas petitioner to show that he or she is entitled to the equitable tolling of the one year limitations period. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.2000).

■ In the present case, petitioner has not advanced any reasons in his response to the motion for summary judgment in support of the equitable tolling of the limitations period. The closest that petitioner comes to advancing an argument on behalf of equitable tolling is in a letter that he sent to this Court dated July 29, 2001, in which he indicated that his appellate counsel withheld petitioner's case files from him for eight years before forwarding the file to petitioner on July 27, 2001, after the petition for writ of habeas corpus had been filed. Although not specifically advanced by petitioner as a reason to toll the limitations period, this Court notes that appellate counsel's failure to provide petitioner with his case file would not justify the equitable tolling of the limitations period. The alleged denial of access to legal materials would not be an exceptional circumstance warranting the equitable tolling of the one year limitations period. *See Jones v. Gundy*, 100 F.Supp.2d 485, 488 (W.D.Mich.2000). The right of access to the courts has never been equated with the access to legal materials. *Id.* Moreover, because petitioner has not provided any specific reasons stating how the lack of access to legal materials prevented him from filing his state post-conviction motion or his habeas petition on time, he has failed to establish a basis for equitable tolling. *Jones v. Gundy*, 100 F.Supp.2d at 488.

■ Lack of access to a trial transcript does not preclude a habeas petitioner from commencing post-conviction proceedings and therefore does not warrant the equitable tolling of the limitations period for filing a petition for writ of habeas corpus. *Jihad v. Hvass*, 267 F.3d 803, 806 (8th Cir.2001); *See also Gassler v. Bruton*, 255

F.3d 492, 495 (8th Cir.2001). Possession of a transcript is not a "condition precedent" to the filing of a state post-conviction motion. *Gassler*, 255 F.3d at 495. In this case, petitioner could have timely filed his motion for relief from judgment with the state trial court, after which the trial court could have ordered production of the transcripts. *Id.* Additionally, petitioner was able to file a motion for relief from judgment and the petition for writ of habeas corpus in this case without first obtaining these transcripts and other documents. Petitioner is therefore unable to show that the failure to provide him with transcripts or other documents impeded his ability to timely file either his state post-conviction motion or his petition for writ of habeas corpus. *See Lloyd v. Miller*, 152 F.Supp.2d 1119, 1121–1122 (N.D.Ind.2001)(state's failure to provide inmate with a complete record was not an unconstitutional impediment to his filing of a federal habeas petition or to the filing of state post-conviction relief, so as to toll the limitations period; the fact that the inmate eventually filed his petition without transcripts indicated that he could just have easily filed a timely petition and continued to seek the transcripts). Finally, because petitioner does not state why the trial transcripts and other documents were necessary for the preparation of his state post-conviction motion or his current habeas petition, he is not entitled to equitable tolling on this basis. *See United States v. Van Poyck*, 980 F.Supp. 1108, 1111 (C.D.Cal.1997).

■ Finally, this Court is aware that another judge in this district recently held that an actual innocence exception exists that would toll the one year limitations period contained in § 2244(d)(1). *See Holloway v. Jones*, 166 F.Supp.2d 1185, 1190 (E.D.Mich.2001)(Tarnow, J). However, the judge in that case concluded that the petitioner had failed to establish his actual innocence to the crime charged, when the petitioner presented no new, reliable evidence to establish that he was actually innocent of the crimes charged. *Id.* at 1191. In this case, petitioner is not entitled to equitable tolling of the AEDPA's statute of limitations pursuant to an actual innocence exception, because he has offered no new, reliable evidence that he is actually innocent of armed robbery or unlawfully driving away an automobile. Although petitioner challenged the sufficiency of the evidence to convict him in his appeal of right to the Michigan Court of Appeals, this claim will not be considered by this Court in determining whether an actual innocence exception exists in petitioner's case for purposes of tolling the statute of limitations period. *Holloway v. Jones*, 166 F.Supp.2d at 1191.

### III. Conclusion

The Court determines that the current habeas petition is barred by the AEDPA's one year statute of limitations contained in § 2244(d)(1). Accordingly, the Court will summarily dismiss the current petition. The Court will also deny petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

■ When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying

constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel,* 529 U.S. 473, 120 S.Ct. 1595, 1604, 146 L.Ed.2d 542 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* A district court has the power to deny a certificate of appealability *sua sponte.* *See Alexander v. Johnson,* 211 F.3d 895, 898 (5th Cir.2000); *Allen v. Stovall,* 156 F.Supp.2d 791, 798 (E.D.Mich. 2001)(O'Meara, J.).

The Court will deny petitioner a certificate of appealability. Reasonable jurists would not find it debatable whether this Court was correct in determining that petitioner had filed his habeas petition outside of the one year limitations period. The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Allen v. Stovall,* 156 F.Supp.2d at 798.

## IV. ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that petitioner will be **DENIED** leave to appeal *in forma pauperis.*