Sup. Ct. Tenn. Certio-rari denied.
Opinion of Justice Stevens, respecting the denial of the petition for writ of certiorari.
On occasion it is appropriate to restate the settled proposition that this Court’s denial of certiorari does not constitute a ruling on the merits. United States v. Carver, 260 U. S. 482, 490 (1923). See also Singleton v. Commissioner, 439 U. S. 940, 942-946 (1978) (opinion of Stevens, J., respecting denial of petition for writ of certiorari). In this case, for example, there are valid reasons for the Court’s decision to deny review. But this does not mean petitioner’s challenge to his death sentence, based in part upon the trial judge’s definition of an aggravating circumstance, lacks merit. Under the trial court’s instruction, a jury could find an aggravating circumstance sufficient to impose the death penalty merely by concluding that a murderer’s state of mind was “‘wicked or morally corrupt.’” Pet. for Cert. 3. Because such a state of mind is a characteristic of every murder, the instruction *1185 is plainly impermissible under this Court’s holdings in Godfrey v. Georgia, 446 U. S. 420, 428-429 (1980) (striking down instruction allowing jury to find aggravating circumstance if murder was “‘outrageously or wantonly vile, horrible and inhuman’”), and Maynard v. Cartwright, 486 U. S. 356, 363-364 (1988) (“‘especially heinous, atrocious, or cruel’ ”).