No. 95–5996. CARPENTER v. GOMEZ, DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS, ET AL. Sup. Ct. Cal. Certiorari denied.

Opinion of JUSTICE STEVENS, respecting the denial of the petition for writ of certiorari.

As I have pointed out on more than one occasion, an order denying a petition for certiorari expresses no opinion on the merits of the case. See, e. g., Barber v. Tennessee, 513 U. S. 1184 (1995) (opinion of STEVENS, J., respecting denial of certiorari). That is so, in part, because the Court properly exercises broad discretion in the administration of its docket, and in part because there are often jurisdictional or prudential reasons for refusing to grant review of the questions presented in a petition. See Singleton v. Commissioner, 439 U. S. 940, 942–946 (1978) (memorandum of STEVENS, J., respecting denial of certiorari). Nonetheless, when the Court denies a petition that raises a substantial question, it is sometimes useful to point out those concerns which, although unrelated to the merits, justify the decision not to grant review. See, e. g., Lackey v. Texas, 514 U. S. 1045 (1995) (memorandum of STEVENS, J., respecting denial of certiorari); McCray v. New York, 461 U. S. 961, 962–963 (1983) (opinion of STEVENS, J., respecting denial of certiorari).

As the dissent by three members of the California Supreme Court demonstrated, this case clearly raises a novel and important constitutional question: What standard should be applied in determining whether juror misconduct involving highly prejudicial information requires reversal of a capital conviction and sentence? Here, a juror falsely denied receiving information that petitioner was already under a sentence of death for other crimes. In sustaining petitioner's collateral attack on his conviction, the state trial judge frankly acknowledged the absence of a clear standard for determining prejudice in such a case. See In re Carpenter, 9 Cal. 4th 634, 669–670, 889 P. 2d 985, 1008 (1995) (Mosk, J. dissenting). In reversing the state trial judge's decision, the State Supreme Court impliedly acknowledged that no such standard exists by relying on cases of this Court that bear only a tangential relation to the issue involved. Id., at 647–651, 889 P. 2d, at 993–995.

Despite the importance of the constitutional question presented, I concur in the order denying the petition for writ of certio-

rari. Because the State Supreme Court stated that the issue would remain open for further review when it acts on the direct appeal from petitioner's conviction, it is likely that the absence of a "final judgment" within the meaning of 28 U. S. C. § 1257 (1988 ed.) deprives this Court of jurisdiction to hear the case. At the very least, the expressed intention of the California Supreme Court to review the question further provides a prudential ground for declining to review at this time the juror misconduct issue presented in this petition.