No. 96–9187. BROWN *v.* TEXAS. Ct. Crim. App. Tex. Certiorari denied.

Opinion of JUSTICE STEVENS, with whom JUSTICE SOUTER, JUSTICE GINSBURG, and JUSTICE BREYER join, respecting the denial of the petition for writ of certiorari.

In Texas, although juries are required to assess a capital defendant's "future dangerousness" before sentencing him to death, he is prohibited from presenting truthful information to the jury about when he would be eligible for parole if sentenced to life. In the present case, the petitioner would have been required to

spend 35 years in prison before becoming eligible for parole if he had been sentenced to life imprisonment.[1]  He sought to present this truthful information to the jury, coupled with evidence that people become less dangerous over time.  He was prohibited from doing so by Texas law.

There is obvious tension between this rule and our basic holding in *Simmons* v. *South Carolina,* 512 U. S. 154 (1994).  As JUSTICE SCALIA correctly observed, a logical application of that holding would permit "the admission of evidence showing that parolable life-sentence murderers are in fact almost never paroled, or are paroled only after age 70; . . . or evidence showing that, though under current law the defendant *will* be parolable in 20 years, the recidivism rate for elderly prisoners released after long incarceration is negligible."  *Id.,* at 184–185 (dissenting opinion); see also *id.,* at 172–174 (SOUTER, J., concurring).[2]

---

[1] Texas has since amended its parole law: A prisoner sentenced to life imprisonment for a capital felony is now ineligible for parole for at least 40 years.  Tex. Code Crim. Proc. Ann., Art. 42.18, § 8(b)(2) (Vernon Supp. 1997).

[2] Poll data from various States support the conclusion that full information would have an impact on jurors' decisionmaking.  In Nebraska, for example, although 80.4% of people support capital punishment in the abstract, only 51.6% prefer the death penalty when the alternative is life imprisonment when the defendant would be ineligible for parole for 25 years.  See Bowers, Vandiver, & Dugan, A New Look at Public Opinion on Capital Punishment: What Citizens and Legislators Prefer, 22 Am. J. Crim. L. 77, 101, 105 (1994).  Indeed, support for the death penalty dropped in each State when life imprisonment was presented as an alternative, when the defendant would be parole ineligible for 25 years.  See *id.,* at 89–90 (support for death penalty dropped from 77% to 62% in Arkansas, from 64% to 45% in Virginia, and from 75% to 53% in Georgia when alternative was life imprisonment when defendant would be parole ineligible for 25 years).  Not surprisingly, the death penalty becomes even less attractive as the length of parole ineligibility increases.  See *id.,* at 105 (while 51.6% of people in Nebraska prefer the death penalty when the alternative is life imprisonment when defendant would be parole ineligible for 25 years, only 46.4% prefer the death penalty when defendant would be parole ineligible for 40 years).

The poll data also support the argument that the life-without-parole option considered in *Simmons* is different in degree, but not in kind, from the sentencing options at issue here, see *Simmons,* 512 U. S., at 184–185 (SCALIA, J., dissenting).  In Georgia, for example, while 75% of people support the death penalty in the abstract, support for the death penalty drops to 53% when a defendant would be parole ineligible for 25 years, and to 46% when a defendant would never be eligible for parole.  See Bowers, 22 Am. J. Crim. L., at 89–90.  Similarly, in Nebraska, while 80.4% of the population

The situation in Texas is especially troubling. In Texas, the jury determines the sentence to be imposed after conviction in a significant number of noncapital felony cases. In those noncapital cases, Texas law *requires* that the jury be given an instruction explaining when the defendant will become eligible for parole.[3] Thus, the Texas Legislature has recognized that, without such an instruction, Texas jurors may not fully understand the range of sentencing options available to them. Perversely, however, in capital cases, Texas law *prohibits* the judge from letting the jury know when the defendant will become eligible for parole if he is not sentenced to death. The Texas rule unquestionably tips the scales in favor of a death sentence that a fully informed jury might not impose.

My primary purpose in writing, however, is not to comment on the merits of petitioner's constitutional claims, but to reiterate the important point that the Court's action in denying certiorari does not constitute either a decision on the merits of the questions presented, see *Singleton* v. *Commissioner*, 439 U. S. 940, 942 (1978) (opinion of STEVENS, J., respecting denial of certiorari), or

---

supports capital punishment in the abstract, death penalty support drops to 51.6% when the defendant would be parole ineligible for 25 years, to 46.4% when the defendant would be parole ineligible for 40 years, and to 42.9% when the defendant would never be eligible for parole. See *id.*, at 101, 103, 105. Indeed, in Kansas, support for the death penalty drops to the *same level* (49%) when people are presented with the alternative of life without parole or life imprisonment with 40 years of parole ineligibility. See *id.*, at 90.

[3] "In the penalty phase of the trial of a felony case in which the punishment is to be assessed by the jury rather than the court, if the offense of which the jury has found the defendant guilty is listed in Section 3g(a)(1), Article 42.12, of this code or if the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, of this code, unless the defendant has been convicted of a capital felony the court shall charge the jury in writing as follows:

⸰          ⸰          ⸰          ⸰

" 'Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn. If the defendant is sentenced to a term of less than four years, he must serve at least two years before he is eligible for parole. Eligibility for parole does not guarantee that parole will be granted.'" Tex. Code Crim. Proc. Ann., Art. 37.07, § 4(a) (Vernon Supp. 1997); see also *id.*, §§ 4(b)–(c).

an appraisal of their importance. Moreover, as was true of the underlying issue raised in three related cases in 1983,[4] and resolved three years later in *Batson* v. *Kentucky*, 476 U. S. 79 (1986), the likelihood that the issue will be resolved correctly may increase if this Court allows other tribunals "to serve as laboratories in which the issue receives further study before it is addressed by this Court."[5]

---

[4] *McCray* v. *New York*, 461 U. S. 961 (1983) (cert. denied); *Miller* v. *Illinois*, 461 U. S. 961 (1983) (cert. denied); *Perry* v. *Louisiana*, 461 U. S. 961 (1983) (cert. denied).

[5] *McCray*, 461 U. S., at 962–963 (opinion of STEVENS, J., respecting denial of certiorari).