C. A. 6th Cir. Certiorari denied.
Opinion of
Justice Stevens,
with whom Justice Soxjter and Justice Ginsburg join, respecting the denial of the petition for a writ of certiorari.
As I have pointed out on more than one occasion, the denial of a petition for a writ of certiorari is not a ruling on the merits.[1] Sometimes such an order reflects nothing more than a conclusion that a particular case may not constitute an appropriate forum in which to decide a significant issue. In this case, the Sixth Circuit held that the city charter “merely removed municipally enacted special protection from gays and lesbians.”[2] 128 F. 3d 289, 301 *944 (1997). This construction differs significantly, although perhaps not dispositively, from the reading advocated by the petitioners. They construe the charter as an enactment that "bars antidiscrim-ination protections only for gay, lesbian and bisexual citizens.” Pet. for Cert. i.
This Court does not normally make an independent examination of state-law questions that have been resolved by a court of appeals. See Bishop v. Wood, 426 U. S. 341, 346-347 (1976). Thus, the confusion over the proper construction of the city charter counsels against granting the petition for certiorari. The Court’s action today should not be interpreted either as an independent construction of the charter or as an expression of its views about the underlying issues that the parties have debated at length.

 Brown v. Texas, 522 U. S. 940, 942 (1997) (opinion of Stevens, J., respecting denial of certiorari); Lackey v. Texas, 514 U. S. 1045, 1047 (1995); Barber v. Tennessee, 513 U. S. 1184 (1995) (opinion of Stevens, J., respecting denial of certiorari).

 The relevant amendment to the city charter reads:
“‘The City of Cincinnati and its various Boards and Commissions may not enact, adopt, enforce or administer any ordinance, regulation, rule or policy which provides that homosexual, lesbian, or bisexual orientation, status, conduct, or relationship constitutes, entitles, or otherwise provides a person with the basis to have any claim of minority or protected status, quota preference or other preferential treatment. This provision of the City Charter shall in all respects be self-executing. Any ordinance, regulation, rule or policy enacted before this amendment is adopted that violates the forego *944 ing prohibition shall be null and void and of no force or effect.’” 128 F. 3d 289, 291 (CA6 1997).