United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 15, 2003**

Charles R. Fulbruge III
Clerk

UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 03-20122
_____

FREDERICK PATRICK MCWILLIAMS,

Petitioner-Appellant,

VERSUS

JANIE COCKRELL, DIRECTOR,
TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Texas, Houston Division

_____

Before DAVIS, WIENER and EMILIO M.. GARZA, Circuit Judges.

PER CURIAM:[*]

Petitioner, Frederick Patrick McWilliams (McWilliams), was convicted of capital murder in

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

-1-

Texas and sentenced to death. He now seeks a certificate of appealability (COA) pursuant to 28 U.S.C. § 2253(c)(2) from the district court's denial of relief under 28 U.S.C. § 2254 on the following claims: (1) the failure to inform the jury that, if sentenced to life in prison, he would be ineligible for parol for at least forty calendar years under Texas's capital sentencing scheme violated his Sixth Amendment right to effective assistance of counsel and Fourteenth Amendment rights to due process and equal protection; (2) he was denied his Eighth Amendment right to protection from cruel and unusual punishment; (3) the state habeas court wrongfully denied him access to sealed juror cards in violation of the Fourteenth Amendment due process clause; and (4) his appellate counsel provided ineffective assistance in violation of his Sixth Amendment right to counsel. For the reasons that follow, we deny COA on all of McWilliams' claims.

I.

On the night of September 27, 1996, McWilliams went driving with his cousin, Richard Hawkins (Hawkins), and Kenneth Adams (Adams), in Adams' red compact car in Houston. Hawkins fell asleep in the back seat and awoke as they turned into the parking lot of an apartment complex. McWilliams and Adams were discussing stealing a car. After their first unsuccessful attempt, McWilliams and Adams found a brown car in the lot and opened the door to find a man asleep inside the vehicle. They returned to Adams' vehicle, and Adams told McWilliams that he should have gotten the man, and McWilliams decided to return.

The two men returned to the car carrying guns. Adams pulled the victim, Alfonso Rodriguez (Rodriguez), from the driver's side at gun point while McWilliams rummaged through the glove box. Adams beat Rodriguez with the butt of the gun. Rodriguez laid on the ground covering his head to avoid the blows. Adams and McWilliams then attempted to force Rodriguez into the trunk of the car.

Not wanting to be a part of the robbery, Hawkins jumped into the front of Adams' car and drove away. As he left, he heard a gun shot. Shortly thereafter, McWilliams and Adams caught up to Hawkins in Rodriguez's car and waved Hawkins to the side of the road. Adams, who was covered in blood, got into the driver's seat and told Hawkins "Your cousin wild. He wild. He shot a man." The three met up at a gas station where McWilliams pulled a bag of jewelry from Rodriguez's car and put it in Adams' car. The next day, McWilliams admitted to Hawkins that he had shot Rodriguez.

The next week, Adams was stopped for speeding. A search of the car yielded several firearms one of which was the weapon used to kill Rodriguez. During questioning by investigators, Adams confessed and implicated McWilliams.

After being arrested, McWilliams gave two statements. In his first statement, McWilliams claimed that Adams shot Rodriguez. In his second statement, McWilliams admitted shooting Rodriguez.

A jury convicted McWilliams of capital murder on September 4, 1997 in state court in Harris County, Texas. McWilliams was sentenced to death on September 9, 1997.

On March 10, 1999, the Texas Court of Criminal Appeals affirmed McWilliams' conviction and sentence on direct appeal. The Texas Court of Criminal Appeals denied his state habeas petition on April 4, 2001. McWilliams timely filed an application for federal post-conviction relief. The federal district court granted the State's motion for summary judgment, denying McWilliams' petition. The district court also denied a COA on McWilliams' claims. McWilliams now seeks a COA from this court

II.

McWilliams filed the instant Section 2254 application for habeas relief after the April 24, 1996

effective date of the Antiterrorism and Effective Death Penalty Act (AEDPA). His application is therefore subject to the AEDPA. Lindh v. Murphy, 521 U.S. 320, 336(1997). Under the AEDPA, a petitioner must obtain a COA before appealing the district court's denial of habeas relief. 28 U.S.C. § 2253(c)(2). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. . . .'" Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003) (citing 28 U.S.C. §2253(c)(1)) . "The COA statute requires a threshold inquiry into whether the circuit court may entertain an appeal." Id. (citing Slack v. McDaniel, 529 U.S. 473, 482 (2000); Hohn v. United States, 524 U.S. 236, 248 (1998)). A COA will be granted only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner "must demonstrate that the issues are debatable among jurists of reason; that a court *could* resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983) (citation and internal quotation marks omitted). Any doubt regarding whether to grant a COA is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. Fuller v. Johnson, 114 F.3d 491, 495 (5th Cir. 1997).

The analysis "requires an overview of the claims in the habeas petition and a general assessment of their merit." Miller-El, 123 S.Ct. at 1039. The court must look to the district court's application of AEDPA to the petitioner's constitutional claims and determine whether the court's resolution was debatable amongst reasonable jurists. Id. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Id. Rather, "'[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the

constitutional claims debatable or wrong.'" Id. at 1040. (citing Slack v. McDaniel 529 U.S. 473, 484).

III.

McWilliams makes several challenges (denial of his Fourteenth Amendment due process right, denial of his Sixth Amendment right to effective assistance of trial and appellate counsel, and denial of his Fourteenth Amendment right to equal protection) to the trial court's denial of his request to inform the jury that, if sentenced to life in prison, he would be ineligible for parol for at least forty calendar years under Texas's capital sentencing scheme. McWilliams bases his argument on the United States Supreme Court's decision in Simmons v. South Carolina, 512 U.S. 154, 156 (1994), which holds that "where the defendant's future dangerousness is at issue, and state law prohibits the defendant's release on parole, due process requires that the sentencing jury be informed that the defendant is parole ineligible." In Simmons, the Court acknowledged that its holding did not apply to Texas's sentencing scheme. Id. at 168, n. 8. Moreover, McWilliams acknowledges that this court has refused to extend Simmons to Texas's sentencing scheme. See Tigner v. Cockrell, 264 F.3d 521 (5th Cir. 2001). However, McWilliams contends that this court should, nonetheless, issue a COA to consider his claims because four Supreme Court Justices noted a tension in Texas's sentencing scheme and the basic holding of Simmons without reaching the merits of the issue. Brown v. Texas, 522 U.S. 940 (1997). We disagree.

We are bound by Fifth Circuit precedent and cannot resolve these issues in a different manner. Thus, the district court's resolution of McWilliams' due process, ineffective assistance of counsel and equal protection claims does not give rise to debate. Accordingly, we deny McWilliams' request for COA on the Simmons issues.

IV.

McWilliams next argues in conclusory fashion that he was denied his Eighth Amendment right to protection from cruel and unusual punishment.

Without citing any authority in support of his claim, McWilliams first argues that he was exposed to cruel and unusual punishment because Texas does not have pre-trial safeguards to ensure that a defendant is "appropriately qualified to receive the death penalty." In resolving this claim, the federal habeas court noted that McWilliams has not identified a specific "unrealized pretrial procedure" required by the Constitution. McWilliams v. Cockrell, No. H-02-CV-1276, slip. op. at 22 (S.D. Tex. December 31, 2002). The federal habeas court also observed that Texas initiates capital cases only upon grand jury indictment. Accordingly, the federal habeas court concluded that the state habeas court's determination that the Texas procedure adequately narrowed the class of capital defendants was not contrary to, or an unreasonable application of, federal law.

McWilliams has cited no authority and made no argument which would suggest that the federal habeas court's resolution of this claim is debatable among jurists of reason or that a court could resolve the issue differently. Thus, we deny COA on this claim.

McWilliams next argues that he was subjected to cruel and unusual punishment because the Texas sentencing statute does not allocate the burden of proof on the second special issue (mitigating evidence). See Tx. Crim. Pro. art. 37.071. McWilliams contends that by requiring the defendant to prove the existence of mitigating evidence, it somehow implies that the defendant has the burden of disproving the existence of aggravating factors.

In support of this claim, McWilliams cites Walton v. Arizona, 497 U.S. 639 (1990) without explaining how this case provides him any relief. As pointed out by the State, Walton was overruled

by <u>Ring v. Arizona</u>, 536 U.S. 584 (2002).

In <u>Ring</u>, the Supreme Court held that capital defendants are entitled to "a jury determination of any fact on which the legislature conditions an increase in their maximum punishment." <u>Id</u>. at 589. Thus, before a court may sentence a defendant to death, a jury must find beyond a reasonable doubt that *aggravating* factors exist to support a death sentence when a state's sentencing regime requires this finding for the imposition of the death penalty. The Court in <u>Ring</u> did not suggest the existence of a similar requirement that the state establish the absence of mitigation. <u>Id</u>. at 597, n. 4.

As noted by the district court, the trial court instructed the jury during the sentencing phase that "the burden of proof in this phase of the trial still rests upon the state and never shifts to the defendant." <u>McWilliams</u>, at 23. We agree with the district court that even if, as a practical matter, it is incumbent on the defendant to produce mitigating evidence and convince the jury of its significance, this burden of production did not alter the burden of proof and did not violate the Constitution.

McWilliams has failed to cite any authority which would give rise to debate regarding the federal habeas court's resolution of this claim. Thus, he has failed to make "substantial showing of the denial of a constitutional right." Accordingly, we deny his request for a COA on this claim.

V.

McWilliams next argues that this court should grant a COA to determine whether the state habeas court wrongfully denied him access to sealed juror cards. The federal habeas court ruled that this claim is not cognizable on federal habeas review because this "challenge to the administration of the state habeas proceeding does not contest the validity of his confinement." <u>McWilliams</u>, at 28. McWilliams has not addressed this ground for denying his claim.

-7-

In Duff-Smith v. Collins, 973 F.2d 1175, 1181-1182 (5th Cir. 1992), a pre-ADEPA case, this court rejected the petitioner's claim that he was entitled to federal habeas relief because the state habeas court quashed three subpoenas duces tecum served on three witnesses: the Harris County District Attorney, the Texas Attorney General, and a United States Marshal. In doing so, the court held that "infirmities in state habeas proceedings do not constitute grounds for federal habeas relief." Id. at 1182. In our post-AEDPA cases, this court has declined to issue COA's for the same reason. See e.g. Trevino v. Johnson, 168 F.3d 173, 180 (5th Cir. 1999).

We agree with the district court that this is not a matter which is cognizable on federal habeas review. Accordingly, we deny McWilliams' request for a COA on this claim.

VI.

McWilliams next challenges the federal habeas court's determination that appellate counsel did not rendered constitutionally ineffective assistance of counsel.

As a preliminary matter, it should be noted that McWilliams did not raise the issue of ineffective assistance of appellate counsel in the state habeas court. In the federal habeas proceeding, the State challenged McWilliams' claim of ineffective assistance on the basis that: (1) McWilliams failed to exhaust the claim in state court, (2) the claim was procedurally barred under Texas's abuse of writ doctrine, and (3) McWilliams could not establish "cause and prejudice" to overcome the default. The federal habeas court agreed and held that McWilliams' claim of ineffective assistance of appellate counsel was barred. In his application for COA, McWilliams has not addressed the federal habeas court's ruling on this issue. By failing to brief this issue, McWilliams has conceded that his claim is barred. Johnson v. Puckett, 176 F.3d 809, 814 (5th Cir. 1999). COA could be denied on this basis alone.

-8-

A habeas petitioner may overcome the state procedural bar by demonstrating cause for the procedural default and actual prejudice as a result of the alleged violation of federal law. Smith v. Johnson, 216 F.3d 521, 524 (5th Cir. 2000). Although McWilliams does not expressly argue "cause and prejudice," he contends that it would be "virtually impossible for state writ counsel to allege ineffective assistance of appellate counsel at the state level because [the appellate and writ time delays] are running concurrently." We may construe this as an argument that there is cause for his default, but even this argument is ultimately unavailing.

The federal habeas court addressed McWilliams' argument, stating the following: "McWilliams filed his direct appeal brief several months before filing his state habeas action. He had sufficient opportunity to investigate the claims advanced by appellate counsel and raise any that had been neglected." McWilliams, at 35, n. 17. The State points out that over two years passed between the time McWilliams' sentence was affirmed on direct appeal and the state court denied habeas relief. During this time, McWilliams made no attempt to amend or supplement his petition to raise a claim of ineffective assistance of appellate counsel, which he could have done, under Tex. Code Crim. Proc. art. 11.071. Thus, even if McWilliams' statement is construed as an argument that there was "cause" for his default, the argument is completely lacking in merit and fails to give rise to any reasonable debate.[2] Thus, McWilliams has failed to make a "substantial showing of the denial of a constitutional

---

[2] In the alternative, the district court denied this claim on the merits. McWilliams claims that appellate counsel was ineffective because counsel failed to raise a claim of ineffective assistance of trial counsel in a motion for new trial. The district court reasoned that, because McWilliams could not show that trial counsel made substantive errors, he could not prove ineffective assistance of appellate counsel under Strickland v. Washington, 466 U.S. 668 (1984). We have conducted a threshold review of the merits of each particular basis for this claim under Miller-El, supra, and we have found nothing in the district court's alternative resolution of this claim which would give rise to debate among jurists of reason. Alternatively, we would deny COA on this basis.

right." Accordingly, we deny his request for a COA on this claim.

## VII.

For the reasons stated above we deny the petitioner's request for a COA on his claims that: (1) the failure to inform the jury that, if sentenced to life in prison, he would be ineligible for parol for at least forty calendar years under Texas's capital sentencing scheme violated his Sixth Amendment right to effective assistance of counsel and Fourteenth Amendment rights to due process and equal protection; (2) he was denied his Eighth Amendment right to protection from cruel and unusual punishment; (3) the state habeas court wrongfully denied him access to sealed juror cards in violation of the Fourteenth Amendment due process clause; and (4) his appellate counsel provided ineffective assistance in violation of his Sixth Amendment right to counsel

COA denied.