No. 04–828. EVANS ET AL. *v.* STEPHENS ET AL. C. A. 11th Cir. Certiorari denied.

JUSTICE STEVENS, respecting the denial of certiorari.

On several occasions in the past, I have found it appropriate to emphasize the fact that a denial of certiorari is not a ruling on the merits of any issue raised by the petition.[1] This is a case that raises significant constitutional questions regarding the President's intrasession appointment of Judge William H. Pryor, Jr., to the Court of Appeals for the Eleventh Circuit, which occurred

---

[1] See, *e. g.*, *Equality Foundation of Greater Cincinnati, Inc.* v. *Cincinnati*, 525 U. S. 943 (1998) (opinion of STEVENS, J., respecting denial of certiorari); *Brown* v. *Texas*, 522 U. S. 940, 942 (1997) (same); *Barber* v. *Tennessee*, 513 U. S. 1184 (1995) (same); cf. *Darr* v. *Burford*, 339 U. S. 200, 227 (1950) (Frankfurter, J., dissenting) ("Nothing is more basic to the functioning of this Court than an understanding that denial of certiorari is occasioned by a variety of reasons which precludes the implication that were the case here the merits would go against the petitioner"); *Maryland* v. *Baltimore Radio Show*, 338 U. S. 912, 917–918 (1950) (opinion of Frankfurter, J., respecting denial of certiorari).

during the 11-day President's Day break between February 12 and 23, 2004.[2] However, this is also a case in which, as the Government has urged in its response, there are valid prudential concerns supporting the decision to deny certiorari. Those considerations include the fact that the particular type of appointment in question is "the first such appointment of an Article III judge" in nearly a half century,[3] that petitioners seek review of an interlocutory order,[4] and the fact that the Court of Appeals did "not view the question of the constitutionality of Judge Pryor's appointment as affecting jurisdiction."[5] Moreover, the court's citation to our decision in *Freytag* v. *Commissioner*, 501 U. S. 868 (1991), suggests that it viewed Judge Pryor's participation in the decision of otherwise properly constituted three-judge panels as irrelevant to those panels' power to enter a valid judgment. See 387 F. 3d 1220, 1222, n. 1 (CA11 2004) (en banc).

I agree that there are legitimate prudential reasons for denying certiorari in this somewhat unusual case. That being said, it would be a mistake to assume that our disposition of this petition constitutes a decision on the merits of whether the President has the constitutional authority to fill future Article III vacancies, such as vacancies on this Court, with appointments made absent consent of the Senate during short intrasession "recesses."

---

[2] The Court of Appeals, sitting en banc, held that Judge Pryor's appointment was consistent with the Recess Appointments Clause of Article II of the Constitution. See 387 F. 3d 1220 (CA11 2004).

[3] Brief in Opposition 10.

[4] *Id.,* at 6.

[5] 387 F. 3d, at 1222, n. 1 (noting that our decision in *Nguyen* v. *United States,* 539 U. S. 69 (2003), was not a jurisdictional holding).